Jennifer Rozdzielski, Esq. (CA Bar: 273260)
JR IMMIGRATION LAW
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503
Tel: (310)792-7063
jennifer@jrvisalaw.com

*Counsel for Petitioner*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOON HOSSEINZADEH,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, in his official capacity as Warden, Adelanto ICE Detention Center in Adelanto, CA; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | Case No:<br><br>**<u>VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF</u>**<br><br>Alien No.: 077-628-145 |

Petitioner Damoon Hosseinzadeh brings forth this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1651; the Immigration and Nationality Act ("INA") and regulations thereunder; the Administrative Procedure Act ("APA"), 5 U.S.C § 701, Article I, Section 9, Clause 2 of the United States Constitution ("Suspension Clause") and the Fifth Amendment right to substantive and procedural due process.

Petitioner challenges the U.S. Immigration and Customs Enforcement's ("ICE") August 11, 2026, revocation of the release under supervision that had allowed him to live in the community for

approximately fifteen years. ICE took Petitioner into custody at a scheduled ISAP enrollment appointment and transferred him to the Adelanto ICE Processing Center. ICE has not provided him with a written revocation notice, the reasons for revocation, a meaningful opportunity to respond, evidence that removal is imminent, or an individualized determination by a neutral decision-maker that renewed incarceration is necessary. In support of such, Petitioner states as follows:

**PRELIMINARY STATEMENT**

1. This habeas petition challenges the process employed by the above-captioned Respondents in their efforts to remove Petitioner from the United States.
2. Petitioner respectfully requests that this Court assume jurisdiction over this matter, order the Petitioner not be moved during the pendency of these proceedings, and compel the U.S. Department of Homeland Security ("DHS") and ICE to immediately release him on his own recognizance.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in federal custody in violation of the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1331. Habeas review remains available for challenges to the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).
4. Petitioner challenges only his present detention and the procedures surrounding revocation of his release. He does not ask this Court to review or vacate the removal order. The jurisdictional limitations in 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) therefore do not bar this action. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-95 (2018); *Singh v. Holder*, 638 F.3d 1196, 1211-12 (9th Cir. 2011).
5. Venue is proper under 28 U.S.C. § 2241 and § 1391(e) because Petitioner is confined in this District, Respondent Janecka is present in this District, and a substantial part of the events

giving rise to this petition occurred here. The Eastern Division is proper because Adelanto is in San Bernardino County. *See* 28 U.S.C. § 84(c)(1).

**PARTIES**

6. Petitioner is in the custody of, and under the direct control, of Respondents by way of their agents. Petitioner is currently under threat of imminent harm while in the custody of the Respondents by way of the final order of removal constraining his liberty.
7. Respondent, James Janecka, is the Warden of the Adelanto Detention Facility located in Adelanto, California where the Petitioner is detained. In his official capacity, he is the immediate custodian of the Petitioner.
8. Respondent, Markwayne Mullin is the current Secretary of the U.S. Department of Homeland Security. He has authority over the detention and departure of noncitizens in the Petitioner's position because he administers and enforces immigration laws. Given this authority, Mr. Mullin is the legal custodian over the Petitioner and is empowered to carry out any administrative order against him.
9. Respondent Todd Blanche is sued in his official capacity as Attorney General of the United States. The Attorney General oversees immigration adjudication functions relevant to any reopening or protection proceedings.

**REQUIREMENTS UNDER 28 U.S.C. § 2243**

10. The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to the Respondents forthwith, unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*
11. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ

known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

**EXHAUSTION OF REMEDIES**

12. Petitioner's claims of receiving a constitutionally inadequate process to justify the intrusions into his liberty interests are not subject to any statutory requirement of administrative exhaustion. *Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004); *Singh v. Napolitano*, 649 F.3d 899 (9th Cir. 2011) (Exhaustion in § 2241 immigration habeas is "prudential," not jurisdictional).
13. To the extent that prudential concerns lead the Court to require exhaustion as a discretionary matter, administrative remedies available have been exhausted.
14. Moreover, neither the Immigration Judge nor the BIA, as administrative agencies, can rule on the constitutional nature of Petitioner's due process and procedural claims. Nor would the claims Petitioner has brought forth in the herein Petition be properly decided before either administrative body.
15. Finally, Petitioner is threatened with irreparable harm in his ability to pursue his constitutional claims, such that exhaustion of administrative remedies should not be required.

**STATEMENT OF FACTS**

16. Upon information and belief, the Petitioner sets forth the following facts.
17. Petitioner is a native and citizen of Iran. Petitioner left Iran as a child and lived in Germany for approximately six to eight years before immigrating to the United States in 1995 at age fifteen.
18. Petitioner's mother was sponsored by family member, and Petitioner became a lawful permanent resident and retained that status into his early twenties. Petitioner's maternal grandmother, mother, uncles, and cousins live in the United States. He has maternal aunts and

cousins in Germany. He has no ongoing relationship with his paternal relatives and no meaningful personal connection to Iran.

19. In 2009, Petitioner was convicted of conspiracy to commit fraud and identity theft in the United States District Court for the Eastern District of Pennsylvania. He cooperated substantially with law enforcement, including by wearing audio and/or video recording equipment to assist the prosecution. He was represented by appointed counsel and did not understand the immigration consequences of the disposition. He was sentenced in 2009 and served approximately two years at a federal institution in Philipsburg, Pennsylvania.

20. On October 19, 2010, while incarcerated, Petitioner appeared by televideo before an Immigration Judge in York, Pennsylvania. Petitioner did not understand that he could or should have counsel to contest removal, and he had been told that he could not be deported because he was from Iran. The Immigration Judge ordered him removed to Iran, denied asylum and withholding of removal, and denied withholding or deferral of removal under the Convention Against Torture. The written summary identifies an aggravated-felony ground and reflects that appeal was waived.

21. The Petitioner was held following the order of removal and spent approximately twenty-five days in ICE custody in 2011. ICE then released him under an order of supervision because removal was not practicable.

22. ICE came to Petitioner's residence in March 2020 and detained him for approximately one week at a detention facility in San Bernardino. ICE again released him without court intervention and instructed him to report to the immigration office in Santa Maria.

23. During the COVID-19 closure period, Petitioner repeatedly called the immigration office and was told appointments would arrive by mail. He also appeared in person more than once. At one

visit, an official told him that he had been removed from electronic monitoring or the Alternatives to Detention program.

24. For roughly fifteen years after his 2011 release, Petitioner lived openly in the community at known addresses. He did not abscond. ICE knew where to locate him in 2020 and mailed the 2026 appointment notice to him.

25. In June 2026, ICE mailed Petitioner a notice directing him to appear on August 11, 2026 for enrollment in the ISAP. This was the only appointment notice Petitioner recalls receiving by mail from ICE.

26. Petitioner appeared as directed on August 11, 2026. ICE took him into custody and transferred him to the Adelanto ICE Processing Center, where he remains detained.

27. Before or at the time of arrest, ICE did not provide Petitioner a notice identifying a violated supervision condition, a written revocation decision, evidence of changed circumstances, a travel document, a removal itinerary, or the identity of a country that had agreed to accept him.

28. On information and belief, ICE has not obtained valid travel documents for Petitioner and does not possess evidence that Iran, Germany, or any third country will accept him in the reasonably foreseeable future. Despite prior failed or impracticable removal efforts and approximately fifteen years of supervised liberty, ICE has not identified changed circumstances that make removal imminent.

29. Petitioner is willing to comply with reasonable conditions of supervision, including reporting, electronic monitoring if required, residence verification, substance-use treatment, ignition-interlock requirements, and any lawful travel-document cooperation requirement. He has a stable residence.

//

//

**LEGAL FRAMEWORK**

30. Under 8 U.S.C. § 1231, noncitizens with a final order of removal shall be removed from the United States within a period of 90 days. 8 U.S.C. § 1231(a)(1)(A).

31. The beginning of the 90-day removal period is determined by the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at § 1231(a)(1)(B).

32. If the noncitizen is not removed during the 90-day period, he or she "shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien"

> (A) to appear before an immigration officer periodically for identification;
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

§ 1231(a)(3).

33. To avoid grave constitutional concerns, § 1231(a)(6) authorizes detention only for a period reasonably necessary to accomplish removal. Once removal is no longer reasonably foreseeable, continued detention is not authorized. *Zadvydas*, 533 U.S. at 689, 699-701. Six months is a presumptively reasonable period, but the presumption does not create an irreducible minimum term of custody where the detention's asserted removal purpose is absent. *Id.* at 701. The relevant inquiry is whether detention remains reasonably related to assuring the person's presence at an achievable removal. *Id.* at 699-700.

34. The Supreme Court has also recognized that the choice is between detention and supervised release, not detention and unrestricted liberty, and that a released noncitizen may be returned to custody for violating release conditions. *Id*. at 696, 700. Consistent with that limitation, ICE's regulation requires notice of the reasons for revocation and a prompt opportunity to respond. 8 C.F.R. § 241.4(l)(1). If custody continues, ICE must conduct the review described in § 241.4(l)(3).

35. Courts have generally found no significant likelihood of removal in five types of cases:

> (1) where the detainee is stateless and no country will accept [him or her]; (2) where the detainee's country of origin refuses to issue a travel document;
> (3) where there is no repatriation agreement between the detainee's native country and the United States;
> (4) where political conditions in the country of origin render removal virtually impossible; and
> (5) where a foreign country's delay in issuing travel documents is so extraordinarily long that the delay itself warrants an inference that the documents will likely never issue.

*Ahmed v. Brott*, No. 14-cv-5000 (DSD/BRT), 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015) (collecting cases), *report and recommendation adopted*, 2015 WL 1542155 (Apr. 7, 2015). "In other words, for there to be no significant likelihood of removal in the foreseeable future, there must be some indication that the government is either unwilling or, due to seemingly insurmountable barriers, incapable executing an alien's removal." *Id.*

## <u>CLAIMS FOR RELIEF</u>

### <u>AS AND FOR A FIRST CAUSE OF ACTION</u><br>VIOLATION OF 8 U.S.C. § 1231(a)(6) AND ZADVYDAS

36. Petitioner repeats and re-alleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

37. As set forth above, Respondents are holding the Petitioner in federal custody, Petitioners are in violation of multiple federal statutes, the U.S. Constitution and Petitioner's basic human rights.

Petitioner's removal is not reasonably foreseeable and continued detention is unreasonable because civil detention under § 1231(a)(6) is lawful only while reasonably related to the statute's removal purpose. *Zadvydas*, 533 U.S. at 689, 699-701.

38. Petitioner's approximately fifteen years at liberty under supervision, including a second release after the 2020 detention, demonstrate that ICE historically could not effectuate removal and did not need confinement to ensure his availability. Petitioner appeared for the August 11, 2026 appointment and is willing to comply with appropriate supervision.

39. On information and belief, no country has agreed to accept Petitioner, including Iran, and ICE does not possess travel documents or a concrete removal itinerary. ICE has not identified a violation of supervision or other changed circumstance that could rationally support renewed detention. Under these circumstances, detention is not reasonably related to effectuating removal and is unauthorized by § 1231(a)(6) as construed in *Zadvydas*.

40. Although news reports indicate that Iran in 2025 and 2026 accepted *some* deportees there is no individualized indication Iran would accept this Petitioner. It appears Iran had chosen who they would accept. For decades Iran has in fact refused to accept deportees as a whole. Furthermore, Iran remains in military conflict with the United States and its unclear how his removal could be implemented.

41. Accordingly, the Petitioner seeks a writ of habeas corpus compelling Respondents to immediately release him from custody because removal cannot be effectuated within a reasonably foreseeable period under *Zadvydas v. Davis.*

**<u>AS AND FOR A SECOND CAUSE OF ACTION</u>**
**VIOLATION OF 8 C.F.R. § 241.4(l) AND FEDERAL LAW**

42. Petitioner repeats and re-alleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

43. ICE's binding regulation provides that, upon revocation, the released noncitizen "will be notified of the reasons for revocation" and "will be afforded an initial informal interview promptly" after return to custody so the person can respond. 8 C.F.R. § 241.4(l)(1). If release is not restored, a further review must evaluate contested facts and determine whether those facts warrant revocation and continued detention. *Id*. § 241.4(l)(3).

44. ICE failed to provide Petitioner sufficient notice, prompt opportunity to respond, and meaningful review with counsel. The agency's failure to follow the regulation governing Petitioner's custody renders detention contrary to federal law and remediable in habeas. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-68 (1954).

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF THE DUE PROCESS CLAUSE**

45. Petitioner repeats and re-alleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

46. The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process constrains governmental decisions that deprive individuals of property or liberty interests within the meaning of the Due Process Clause of the Fifth Amendment. *See Matthews v. Eldridge*, 424 U.S. 319, 332 (1976); *see also Perry v. Sindermann*, 408 U.S. 593, 601–03 (1972) (reliance on informal policies and practices may establish a legitimate claim of entitlement to a constitutionally-protected interest). Infringing upon a protected interest triggers a right to a hearing before that right is deprived. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972).

47. Due process requires "adequate procedural protections" to ensure that the government's asserted justification for its conduct infringing on protected interests "outweighs the individual's

constitutionally protected interest in avoiding physical restraint." *Zadvydas*. 533 U.S. at 690 (internal quotation marks omitted).

48. After approximately fifteen years of release, Petitioner possessed a substantial conditional-liberty interest. Re-incarceration inflicted an immediate and severe deprivation. *See Morrissey v. Brewer*, 408 U.S. 471, 482-84 (1972).

49. Moreover, re-detaining Petitioner after approximately fifteen years of supervised liberty, without an identified violation, imminent removal, travel documents, or an individualized necessity determination, is arbitrary and not reasonably related to effectuating removal, preventing flight, or protecting the community. Less restrictive conditions can fully address the Government's legitimate interests.

50. Balancing the private interest, risk of erroneous deprivation, value of additional safeguards, and governmental burden, due process required meaningful notice and an individualized determination of whether lawful grounds supported revocation and whether detention was necessary. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). ICE provided neither.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter and all attendant proceedings;
2. Restrain and enjoin Respondents from transferring Petitioner outside of his current detention center, and/or any other detention center the Petitioner may have been and/or will be transferred to without undersigned counsel's knowledge, and further restrain and enjoin the Respondents from transferring the Petitioner to any other detention facility, not including his release, pending the resolution of this matter;
3. Issue an order directing Respondents to show cause immediately why the writ should not be granted;

4. Declare that ICE's August 11, 2026 revocation of Petitioner's supervised release and resulting detention violated 8 U.S.C. § 1231(a)(6), 8 C.F.R. § 241.4(l), and the Due Process Clause;
5. Enjoin removal to any third country unless Respondents provide written notice to Petitioner and counsel in a language Petitioner understands and a meaningful opportunity to raise fear-based protection and seek reopening before removal;
6. Grant the writ and order Petitioner released forthwith on the conditions that governed his prior release, or on other reasonable conditions set by the Court;
7. Any other further relief this Court deems just and proper.

Respectfully submitted,

Dated: September 10. 2026

Respectfully submitted,

*/s/ Jennifer Rozdzielski*
Jennifer Rozdzielski, Esq.
jennifer@jrvisalaw.com
CA Bar: 273260
JR IMMIGRATION LAW
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503
Tel: (310)792-7063

Attorney for Petitioner

VERIFICATION

I, Jennifer Rozdzielski, declare under penalty of perjury that the foregoing petition is true and correct to the best of my knowledge.

Executed on September 10, 2026 at Torrance, California.

*/s/ Jennifer Rozdzielski*
Jennifer Rozdzielski

Attorney for Petitioner

PROOF OF SERVICE

I, Jennifer Rozdzielski, the undersigned, will cause the attached Petition for a Writ of Habeas Corpus to be emailed to the United States Attorney's Office for the Central District of California at USACAC.Habeas@usdoj.gov upon receipt of the court-stamped copy.

Executed on September 10, 2026, at Torrance, California.

/s/Jennifer Rozdzielski

Jennifer Rozdzielski